<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ZEAD LAMANTE PUGH, :
: Civil Action No. 13-7799 (SDW)
:
Plaintiff, :
:
v. : **OPINION**
:
INTEGRITY HOUSE DIRECTORS, et al., :
:
Defendants. :

**APPEARANCES:**

    ZEAD LAMANTE PUGH, Plaintiff <u>pro se</u>
    #276025
    LOC-D-3-W
    Hudson County Correctional Center
    25 Hackensack Avenue
    Kearny, New Jersey 07032

**WIGENTON**, District Judge

Plaintiff, Zead Lamante Pugh, a state inmate confined at the Hudson County Correctional Center in Kearny, New Jersey, at the time this Complaint was submitted for filing, seeks to bring this action *in forma pauperis*. This action was administratively terminated on January 7, 2014, because Plaintiff's application to proceed *in forma pauperis* ("IFP") was deficient. (ECF No. 2.) Plaintiff thereafter submitted a complete IFP application and asked that his case be re-opened. (ECF No. 3.) Based on Plaintiff's affidavit of indigence, the Court will grant Plaintiff's application to proceed IFP pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the Complaint accordingly.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court dismisses the Complaint without prejudice for failure to state a claim at this time.

I. BACKGROUND

Plaintiff, Zead Lamante Pugh ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against Defendants Integrity House Directors (names unknown at this time) and "Angel."  Plaintiff alleges that on October 1, 2013, the Integrity House Directors did not conduct a proper investigation into allegations that Plaintiff sexually assaulted another resident/inmate, namely, Defendant "Angel,"  at the Integrity House, who is being treated for drug addiction. Plaintiff contends that Angel is lying about allegations of sexual assault, terroristic threats and assault (pulling hair).  Plaintiff states that he told his counselors that he has been falsely accused of criminal charges N.J.S.A. 2C:14-2A; 2C:13-2A; 2C:12-1A and 2C:14-4.  (ECF No. 1, Complaint at ¶¶ 4, 5.)  The Complaint does not state the remedies sought by Plaintiff in this action.

II. STANDARDS FOR A SUA SPONTE DISMISSAL

Per the Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  Specifically, the PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28

U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  Accordingly, because Plaintiff is a prisoner proceeding *in forma pauperis* in this matter, this action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

"The legal standard for dismissing a complaint for failure to state a claim under [the PLRA] is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Aruanno v. Green*, 527 F. App'x 145, 147 (3d Cir. 2013) (discussing 28 U.S.C. § 1915(e)(2)(B)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (28 U.S.C. § 1915A(b)).  According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rather, to prevent summary dismissal, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  Moreover, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

### III.  DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  (ECF No. 1, Compl. at ¶ 1.) Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). *See also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

This Complaint must be dismissed with prejudice, in its entirety, as against Defendant "Angel," for failure to state a claim, because Defendant is not, and was not at the time of the incident alleged, a person acting under color of state law. The Complaint fails to allege any facts to show that this Defendant was a state actor, and indeed, Plaintiff readily admits that Defendant is a resident at Integrity House.

As to Defendants, Integrity House Directors, it is unclear as to what constitutional grounds Plaintiff intends to base his claims. However, it appears that Plaintiff may be seeking injunctive relief regarding an ongoing state criminal proceeding, in which he is charged with sexual assault and other related charges. Such relief is not appropriate at this time, and the complaint should be dismissed.

It is not generally the role of the federal courts to interfere in pending state judicial proceedings. A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the court of the state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971) (addressing

abstention from state criminal proceedings).  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

*Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept.*, 973 F.2d 169, 173 (3d Cir. 1992) (citation omitted).  Certainly, the pending state criminal proceedings are judicial in nature and implicate important state interests.  Plaintiff has failed to allege any facts suggesting that the state proceedings do not afford an adequate opportunity to raise federal claims related to those proceedings.  Accordingly, this Court will not interfere with Plaintiff's ongoing state criminal proceedings and the complaint will be dismissed without prejudice

IV.  CONCLUSION

Therefore, for the reasons set forth above, the Complaint is dismissed without prejudice, in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a cognizable claim for relief under 42 U.S.C. § 1983 at this time.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies described herein, the Court will grant Plaintiff leave to file an application to re-open accompanied by a proposed amended complaint. An appropriate order follows.

　　　　　　　　　　　　　　　　　　　　　__*s/ Susan D. Wigenton*__
　　　　　　　　　　　　　　　　　　　　　SUSAN D. WIGENTON
　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: August 6, 2014